UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY SMITH,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>　　　　Defendant. | No. 2:24-cv-0995-DC-SCR<br><br><br><br>ORDER |

　　　Plaintiff is proceeding pro se in this action, which was accordingly referred to Magistrate Judge Barnes by Local Rule 302(c)(21). It was reassigned to the undersigned on August 6, 2024. ECF No. 4. Plaintiff has filed a motion for leave to proceed in forma pauperis ("IFP") and submitted the affidavit required by that statute. ECF No. 2; *see* 28 U.S.C. § 1915(a)(1). Plaintiff also seeks leave to electronically file all future documents in this action. ECF No. 3.

　　　Leave to electronically file documents in this action, ECF No. 3, will be denied. The motion to proceed IFP, ECF No. 2, will be granted. However, in screening Plaintiff's Complaint, as required by 28 U.S.C. § 1915(e)(2), the Court concludes that the Complaint fails to state a claim. As explained below, Plaintiff should be granted leave to amend his Freedom of Information Act ("FOIA") claim.

/////

1

## I. ELECTRONIC FILING

An unrepresented party may only file documents electronically if allowed by court order or by local rule. Fed. R. Civ. P. 5(d)(3)(B). This District's local rules authorize a pro se party to electronically file documents only with the assigned judge's permission. L.R. 133(b)(2). Any such request must be in the form of a stipulation or, when not possible, a written motion explaining the reason for such exception. L.R. 133(b)(3).

Plaintiff's motion is not signed by Defendant and therefore is not a stipulation. It only asserts that Plaintiff has previously been granted such electronic filing privileges in three other districts. ECF No. 3. This says nothing about why those districts granted leave to electronically file documents, or whether the same reasons apply here. Leave to electronically file documents in this action is denied.

## II. SCREENING

### A. Legal Standard

A court may authorize a person to proceed in an action without prepayment of fees if that person "submits an affidavit that includes a statement of all assets…that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The federal IFP statute, however, requires federal courts to dismiss such a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in

1 | the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200),
2 | Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

3 |     A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
4 | *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the
5 | court will (1) accept as true all of the factual allegations contained in the complaint, unless they
6 | are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the
7 | plaintiff, and (3) resolve all doubts in the plaintiff's favor. *See Neitzke*, 490 U.S. at 327.

8 |     The court applies the same rules of construction in determining whether the complaint
9 | states a claim on which relief can be granted. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court
10 | must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must
11 | construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a
12 | less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520
13 | (1972). However, the court need not accept as true conclusory allegations, unreasonable
14 | inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618,
15 | 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice
16 | to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*,
17 | 556 U.S. 662, 678 (2009).

18 |     To state a claim on which relief may be granted, the plaintiff must allege enough facts "to
19 | state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has
20 | facial plausibility when the plaintiff pleads factual content that allows the court to draw the
21 | reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at
22 | 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity
23 | to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar v.*
24 | *Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

25 |     **B.  The Complaint and IFP Motion**

26 |     Plaintiff's Complaint names the Federal Bureau of Investigation as a Defendant and
27 | asserts federal question jurisdiction based on FOIA, 5 U.S.C. § 552(a)(4)(B). ECF No. 1 at 1.
28 | The Complaint alleges that on October 7, 2022, Plaintiff submitted a FOIA request for:

> [a]ll information regarding the search and seizure of my property from criminal case 02-5019, Western District of Missouri, from January 1, 2000 through October 1, 2022; including, but not limited to, all records, interviews, notes, 302s, inventory lists of seized and currently held property or copies (in the case of electronic or paper records still in the possession of the government), and the like.

*Id.* at 2. The Complaint alleges that in response, Defendant only produced a copy of the list of items seized, not "an inventory list of seized and currently held property[.]" *Id.* The Complaint alleges that Defendant did not thereafter produce additional records. *Id.* "*Therefore*," it concludes, Plaintiff "has exhausted the applicable administrative remedies with respect to his FOIA request[.]" *Id.* (emphasis added). Plaintiff seeks an order compelling production of all records responsive to his request, plus attorney's fees and costs. *Id.* at 3.

Plaintiff's motion asserts that he is unemployed, has no income, has only $20 in his checking or savings account, and owes $23,000 in back child support. ECF No. 2.

**C. Analysis**

Plaintiff's application to proceed *in forma pauperis* asserts that he owes thousands more than he owns and has no sources of income. ECF No. 2. Plaintiff has demonstrated that he does not have the resources to pay filing fees in this action. *See* 28 U.S.C. § 1915(a)(1). Leave to proceed *in forma pauperis* is granted.

However, Plaintiff fails to state a claim under FOIA due to his failure to exhaust administrative remedies. When an agency makes an "adverse determination" on any FOIA request, it must notify the requesting party of a right to appeal the decision to the head of the agency within 90 days of said adverse determination. 5 U.S.C. § 552(a)(6)(A)(i)(III)(aa). Failure to exhaust such administrative remedies precludes judicial review of the agency's response to the request. *Electronic Privacy Information Center v. Internal Revenue Service*, 910 F.3d 1232, 1238 (D.C. Cir. 2018); *Hidalgo v. F.B.I.*, 344 F.3d 1256, 1258-59 (D.C. Cir. 2003).

Plaintiff does not allege that he appealed the purported failure to produce all responsive documents to the Director of the F.B.I. Nor does the specify any other administrative remedies he pursued. A general allegation that he has exhausted all such remedies might normally suffice. *See* ECF No. 1 at 2. The word "[t]herefore," however, implies that Plaintiff believes that he

4

1  exhausted his remedies solely because Defendant produced some, but allegedly not all,
2  responsive documents.  *See id*.  This is insufficient as a matter of law.
3      The Court acknowledges, however, that the choice of diction could be unintentional and
4  obscure administrative procedures that Plaintiff followed after Defendant's production.  Plaintiff
5  should have the opportunity to amend pleadings to articulate why the Court has jurisdiction to
6  review Defendant's response to the FOIA request.  The undersigned therefore recommends that
7  the claim be dismissed, but that Plaintiff be given leave to amend the Complaint to accurately
8  reflect any exhaustion of administrative remedies.

### III.  AMENDING THE COMPLAINT

10  If Plaintiff chooses to amend the Complaint, the amended complaint must contain a short
11  and plain statement of Plaintiff's claims.  The allegations of the complaint must be set forth in
12  sequentially numbered paragraphs, with each paragraph number being one greater than the one
13  before, each paragraph having its own number, and no paragraph number being repeated
14  anywhere in the complaint.  Each paragraph should be limited "to a single set of circumstances"
15  where possible.  Rule 10(b).  Forms are available to help plaintiffs organize their complaint in the
16  proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200),
17  Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.
18      The amended complaint must not force the Court or the Defendant to guess at what is
19  being alleged against whom.  *See McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996)
20  (affirming dismissal of a complaint where the district court was "literally guessing as to what
21  facts support the legal claims being asserted against certain defendants").  The amended
22  complaint should contain specific allegations as to the actions of each named Defendant *and*
23  allege facts to support *each* individual claim.
24      Also, the amended complaint must not refer to a prior pleading to make Plaintiff's
25  amended complaint complete.  An amended complaint must be complete in itself without
26  reference to any prior pleading.  Local Rule 220.  This is because, as a general rule, an amended
27  complaint supersedes the original complaint.  *See Pacific Bell Tel. Co. v. Linkline*
28  *Communications, Inc.*, 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint

supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)).  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### IV. PRO SE PLAINTIFF SUMMARY

The magistrate judge is recommending that your case be dismissed because you have not sufficiently alleged a claim under 5 U.S.C. § 552(a)(4)(B).  However, because you could potentially provide additional facts to state such a claim under the FOIA, the undersigned is granting you leave to amend the claim to sufficiently plead exhaustion of administrative remedies.

### V. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for leave to electronically filed documents in this action (ECF No. 3) is DENIED,
2. Plaintiff's application to proceed IFP (ECF No. 2) is GRANTED, and
3. should Plaintiff wish to continue to pursue this action, he file a First Amended Complaint within 30 days of the date of this order.

If Plaintiff fails to file an amended complaint, the undersigned will recommend that this action be dismissed.

DATED: February 6, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE